**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:26-cv-21639-KMM

RICKY LOTT, individually and on behalf of
all others similarly situated

      Plaintiff,

v.

HEALTH GORILLA, INC.,

      Defendant.

_____/

## **ORDER**

THIS CAUSE came before the Court upon Plaintiffs Ricky Lott and Holly Hughes' ("Plaintiffs") Joint Motion to Consolidate Actions and Appoint Interim Class Counsel for Filing of Consolidated Complaint. ("Mot." or "Motion") (ECF No. 15). Therein, Plaintiff in the above-captioned matter and Holly Hughes, Plaintiff in Case No. 1:26-cv-21952-KMM (the "Consolidation Case"), jointly move for the following relief: (1) consolidation of the instant case and the Consolidation Case, as well as any other future actions against Health Gorilla, Inc. ("Defendant"); (2) appointment of Mariya Weekes of Milberg, PLLC, Jeff Ostrow of Kopelowitz Ostrow P.A., and Tom Zimmerman of Zimmerman Law Offices, P.C. as Interim Class Counsel (collectively, "Proposed Interim Class Counsel"); and (3) "requiring the filing of a consolidated complaint within thirty (30) days of entry of an order consolidating the cases and appointing interim class counsel." *Id.* at 1. The Court will first address the Parties' request for consolidation before addressing the appointment of interim class counsel.

As for consolidation, Federal Rule of Civil Procedure 42(a) allows the Court to consolidate cases where they "involve a common question of law or fact." Fed. R. Civ. P. 42(a)(1). Here, the

Court finds that the above-captioned case and the Consolidation Case involve common issues of law and fact, and finds that the Plaintiffs in each case seek class-action relief on behalf of overlapping classes. As Plaintiffs state in their Motion,[1] each of their complaints is "focus[ed] on one factual event" and alleges the same facts, including that Defendant "knowingly violated its obligations to abide by best practices and industry standards in protecting" patients' private information and that Defendant's failures "enabled an unauthorized third party" to access said private information. Mot. at 5. Further, each of the Plaintiffs asserts identical legal claims. *Id.* Therefore, the Court finds consolidation is proper.

As to appointment of interim class counsel, the Court first notes that the appointment of interim class counsel may occur before class certification to protect the interests of a putative class. *See* Fed. R. Civ. P. 23(g)(2)(A) (providing for designating interim class counsel to act on behalf of a putative class before determining class certification). In appointing interim class counsel, courts look to the same factors used in determining the adequacy of class counsel under Rule 23(g)(1)(A). *See In re Univ. of Miami COVID-19 Tuition & Fee Refund Litig.*, No. 20-CV-60851, 2020 WL 13561433, at *1 (S.D. Fla. Aug. 19, 2020). Therefore, the Court considers the following factors:

> (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A).

Here, Plaintiffs propose the appointment of Mariya Weekes of Milberg, PPLC, Jeff Ostrow of Kopelowitz Ostrow P.A., and Tom Zimmerman of Zimmerman Law Offices, P.C. as interim

---

[1] Defendant does not oppose this consolidation. (ECF No. 25) at 2.

class counsel. Mot. at 1. The Court has reviewed the Motion, including the attached resumes for each of the proposed interim class counsel. Upon its review, the Court is satisfied that this leadership structure will meet the needs of the named Plaintiffs and the putative class. *See id.* at 9–21 (arguing why each attorney meets the requirements of Rule 23(g)(1)(A) and laying out additional factors in support of their designation as interim class counsel, including that "the proposed leadership structure has the support of all Plaintiffs, and the law firms involved in the litigation"); *see also* (ECF Nos. 15-1–3) (containing each attorney's resume, including their extensive experience as class counsel in other class actions).

UPON CONSIDERATION of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED as follows:

1. Plaintiffs' Joint Motion to Consolidate Actions and Appoint Interim Class Counsel for Filing of Consolidation Complaint (ECF No. 15) is GRANTED.

2. Case No. 1:26-cv-21952-KMM is hereby CONSOLIDATED with Case No. 1:26-cv-21639-KMM for all purposes, including trial. The Clerk of Court is INSTRUCTED to administratively CLOSE Case No. 1:26-cv-21952-KMM. All future filings must be made only in the lead case, Case No. 1:26-cv-21639-KMM.

3. Mariya Weekes of Milberg, PLLC, Jeff Ostrow of Kopelowitz Ostrow P.A., and Tom Zimmerman of Zimmerman Law Offices, P.C. are appointed as interim class counsel.

4. Plaintiffs shall file a consolidated complaint within thirty (30) days of the entry of this Order.

5. Defendants shall then file a responsive pleading within thirty (30) days of the consolidated complaint being filed.

6.  Plaintiffs are DIRECTED to file a status report within seven (7) days of the entry of this Order, indicating whether there are other cases that must be consolidated with the above-captioned case.  In the status report, Plaintiffs shall name such cases and argue briefly why they should or should not be consolidated with the above-captioned case.

7.  The Parties' Stipulation and Proposed Order to Vacate Entry of Default, Consolidate Related Actions and Appoint Interim Counsel, and Schedule Consolidated Complaint and Response Deadlines (ECF No. 25) is GRANTED.  The Clerk's Entry of Default as to Defendant (ECF No. 21) is hereby VACATED.[2]

DONE AND ORDERED in Chambers at Miami, Florida, this ___20th___ day of April, 2026

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc: All counsel of record

---

[2] The Parties have agreed there is good cause pursuant to Federal Rule of Civil Procedure 55(c) to set aside the Clerk's Entry of Default.  (ECF No. 25) at 2.  They also indicate that Defendant has retained counsel in this matter.  *Id.*